1980540-02

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **EDINBURG QUEST MEDICAL CENTER** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 7:21-CV-00094 | |
| § | | |
| **TRAVELERS CASUALTY INSURANCE** § | | |
| **COMPANY OF AMERICA** § | | |
| § | | |
| **Defendant** § | | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

NOW COMES TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers" or "Defendant"), and files this ORIGINAL ANSWER in response to Plaintiff's Complaint and shows the Honorable Court as follows:

### SPECIFIC RESPONSES

### PARTIES

1. Based on information and belief and research of available records from the Texas Secretary of State, Edinburg Quest Medical Center is a Texas Limited Partnership whose general partner is EdMedquest Management Trust, a Texas entity.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint with the provision that Defendant is not incorporated in Texas and does not maintain its principal place of business in Texas.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint with the addition that there is complete diversity between Plaintiff and Defendant.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint but denies liability in this case.

**FACTS**

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that on July 25, 2020 the remnants of Hurricane Hanna effected some portions of Edinburg, causing damage to some homes and business but denies that Plaintiff's building sustained covered damage as alleged in paragraph 7 of the Complaint. Defendant denies all other allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff reported a claim on August 6, 2020. Defendant denies that Plaintiff specifically asked that Defendant cover the cost of repairs and Defendant affirmatively denies that the subject building sustained any damage from Hurricane Hanna.

9. Defendant admits that Jose Ramon was the assigned adjuster on this claim, who evaluated the subject building. Defendant denies all other allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that "the adjuster" determined that there were no covered damages to the subject property. Defendant denies all other allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff (or its Counsel) hired an individual or company who produced an unreasonable estimate totaling over $303,000. Travelers denies all other allegations contained in paragraph 13 the complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

## CAUSES OF ACTION

24. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

## BREACH OF CONTRACT

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES/PROMPT PAYMENT

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

## DTPA VIOLATIONS

35. Defendant denies the allegations contained in paragraph 35, including sub-parts (A) and (B) of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

## KNOWLEDGE

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

## DAMAGES

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

**JURY DEMANDED**

47. Defendant lacks sufficient information or knowledge to form a reasonable belief as to the truth or falsity of the allegations contained in paragraph 47 of the complaint. Defendant hereby demands a jury.

**PRAYER**

Defendant denies the allegations contained in the Prayer contained in the Complaint.

**AFFIRMATIVE DEFENSES**

By way of affirmative defenses and without waiving its specific denials set forth above, Defendant asserts the following:

48. Travelers is not responsible for any damages not covered by the insurance policy issued by Travelers to Plaintiff.

49. In the alternative, any actual damage sustained by Plaintiff, which is denied, is limited by the amount set forth in the policy limitations provisions of the insurance policy and is limited to actual cash value payments unless and until Plaintiff complies with the insurance policy provisions concerning the recovery of depreciation.

50. Travelers' investigation revealed the absence of storm damage to the roof of the Plaintiff's building. Additionally, there were no storm created openings allowing water intrusion. As a result, the Plaintiff's damages were not covered under the policy.

51. Travelers issued Policy No. 680-8H905134-20-42 to Edinberg Quest Medical Center (the "Policy"). The Policy contains the following "Limitation":

> **5. Limitations**
>
> a. We will not pay for loss or damage to:
>
> (1) The "interior of any building or structure" caused by rain, snow, sleet, ice,

5

> **sand or dust, whether driven by wind or not, unless:**
>
> **(a)    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters . . .**

The roof and walls at the subject building had no openings caused by wind, hail or any other covered loss. As a result, any interior water damage, to the extent it exists, is not covered.

52.    The Policy also includes the following Exclusions:

> **B.    EXCLUSIONS**
>
> **1.    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.**
>
> **. . .**
>
> **(g)    Water**
>
> **(1)    Flood, surface water . . . whether driven by wind or not**
>
> **. . .**
>
> **(h)    Neglect**
>
> **Neglect of an insured to use reasonable means to save and preserve property from further damage at and after the time of loss.**
> **. . .**

6

> **2.  We will not pay for loss or damage caused by or resulting from any of the following:**
>
> . . .
>
> **d.  (1) Wear and tear;**
>
> **(2) Rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself;**
>
> . . .

The foregoing exclusions negate coverage for any damage at the subject building.

53. Alternatively, in the event of a covered loss, which is denied, any recovery is subject to the deductible under the Policy, which is $12,845.

54. Alternatively, in the event that a covered loss is combined with non-covered perils, the Plaintiff cannot recover the non-covered portion of damage. Further, the Plaintiff has the burden of proof in segregating covered and non-covered perils.

55. At most, the issues in this case involve a good faith dispute over the cause and extent of damage and the cost of repairs. This is a bona fide dispute that does not give rise to extra-contractual liability.

56. Alternatively, to the extent storm damage at the subject building exists, which is denied, any such damage was pre-existing damage, occurring prior to July 25, 2020, and is therefore not covered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff recover nothing from this suit; that Defendant recover its costs of Court; and all other and further relief to which Defendant may be entitled.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

By: /s/ Robert F. Scheihing
ROBERT F. SCHEIHING
State Bar No. 0177363500
bscheihing@brock.law

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been e-filed with the Court and sent via email to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 16th day of April, 2021:

Omar Ochoa
Omar Ochoa Law Firm PC
121 N. 10th Street
McAllen, Texas 78501
oochoar@omarochoalaw.com

and

Victor Rodriguez
Victor Rodriguez Law Firm, PLLC
121 N. 10th Street
McAllen, Texas 78501
victor@vrodriguezlaw.com
*Attorneys for Plaintiff*

ROBERT F. SCHEIHING

9